IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

JOHN KOONTZ, on behalf of Himself and
all others similarly situated,

    Plaintiff,

v.                                           CIVIL ACTION NO. 23-C-_____

SN SERVICING CORPORATION and
LAND HOME FINANCIAL SERVICES, INC.,

    Defendants.

## CLASS ACTION COMPLAINT

1. Plaintiff John Koontz ("Plaintiff"), individually and on behalf of all persons similarly situated, seeks damages and an injunction against SN Servicing Corporation and Land Home Financial Services, Inc. (collectively "Defendants"), for violations of federal and West Virginia consumer protection laws.

2. Specifically, Plaintiff and other consumers have residential mortgage loans that are serviced by Defendants, and Defendants charged Plaintiff, and similarly situated consumers, late fees in excess of those permitted by their contracts and applicable law.

3. Further Defendants have refused to accept Plaintiff's payments and similarly refused to provide information Plaintiff requested, including a written accounting of the servicing of his loan, also in violation of applicable law.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff John Koontz is a resident of Marshall County, West Virginia.

5. Defendant SN Servicing Corporation is an Alaska corporation registered to do business in the State of West Virginia.

6. Defendant Land Home Financial Services, Inc. is a California corporation registered to do business in the State of West Virginia.

1

Exhibit A

7. This Court has jurisdiction over Defendants because both conduct business in West Virginia as described in this Complaint.

8. Venue is proper because this is the county where the Plaintiff resides.

## FACTS

*Excessive Late Fees*

9. Plaintiff entered into a mortgage loan with CitiFinancial, Inc., as memorialized in Plaintiff's Deed of Trust and Promissory Note (the "contract").

10. The contract contained a provision on late fees which provided that "if a payment is not paid in full within 10 days of its due date, Borrower will be charged 5.0% of the amount in default, not to exceed $15.00."

11. West Virginia Code §46A-3-112 & §46A-3-113 limit the collection of late fee charges on any installment not paid in full within ten days after its scheduled due date to the amount stated in the parties' contract not to exceed a specified amount.

12. Subsequently, CitiFinancial, Inc. transferred responsibility for collecting Plaintiff's payments to Defendant SN Servicing Corporation.

13. On several occasions, SN Servicing Corporation assessed and collected late fees of $23.67, in violation of the contract and applicable law.

14. For instance, on January 12, 2023, SN Servicing Corporation assessed to Plaintiff a late fee in the amount of $23.67.

15. Defendant SN Servicing Corporation continued to assess additional late fees in excess of the amount allowed by contract for several months afterward.

16. Additionally, SN Servicing Corporation refused to accept certain payments from Plaintiff, including on or about January 10, 2023, when Plaintiff attempted to make a full payment.

17. SN Servicing Corporation is required to credit all payments made in accordance with the terms of Plaintiff's contract.

18. Beginning in June 2023, Defendant Land Home Financial Services, Inc., took over the servicing of Plaintiff's loan.

19. Defendant Land Home Financial Services, Inc. has continued to bill Plaintiff for these excessive late charges each month through the present in monthly statements.

20. Defendant Land Home Financial Services, Inc., and its agent Reisenfeld & Associates also sent Plaintiff letters collecting and attempting to collect these excessive late fees.

21. Both Defendants, in violation of applicable law, failed to respond timely to Plaintiff's request for information dated June 15, 2023.

22. Land Home Financial Services, Inc. only partially responded on October 30, 2023.

## THE PROPOSED CLASSES

23. Plaintiff incorporates the preceding paragraphs by reference.

24. This action is also filed as a class action as, upon information and belief, Defendants have engaged in the same wrongful conduct asserted above against both West Virginia consumers and United States consumers at large.

25. Plaintiff, serving as class representative, tentatively defines the West Virginia Class as follows:

> **All persons in West Virginia (1) from whom the Defendants charged or collected a late fee in an amount in excess of the contractual provision, and/or (2) whose accounts the Defendants failed to credit after a contractually proper payment was made, during the applicable statute of limitations through the date a class is certified.**

26. Plaintiff, serving as class representative, tentatively defines the National Class as follows:

**All persons in the United States from whom the Defendants charged or collected a late fee in an amount in excess of the contractual provision during the applicable statute of limitations through the date a class is certified.**

27. Plaintiff reserves the right to redefine the class definitions in light of discovery and additional investigation.

28. Upon information and belief, the late fees and payment provisions that Defendants violated are contained in each putative class member's contract. Defendants have thus violated applicable consumer protection laws on a class-wide basis.

29. The putative classes are so numerous that joinder of all members is impractical.

30. There are questions of law and fact common to the putative classes, which predominate over any questions affecting only individual class members, including but not limited to:

   a. Whether Defendants assessed late fees;

   b. Whether Defendants failed to credit payments;

   c. Whether the late fees were authorized by Plaintiff's and Class members' form mortgage contracts;

   d. Whether Defendants violated the West Virginia Consumer Credit and Protection Act by charging the late fees or refusing to accept payments;

   e. Whether Defendants violated federal law by charging the late fees or refusing to accept payments;

   f. Whether Defendants' business practices are unlawful;

   g. Whether the Plaintiff and the Class were damaged by Defendants' conduct;

   h. Whether Plaintiff and the Class are entitled to actual and/or statutory damages as a result of Defendants' actions; and

      i.    Whether Plaintiff and the Class are entitled to attorney's fees and costs.

31.    Plaintiff's claims are typical of the claims of the Class members. Defendants charged the same fees and refused to accept the payments of other Class members.

32.    Plaintiff will fairly and adequately protect the interests of the Class.

33.    Neither Plaintiff nor his counsel has any interest that might prevent them from vigorously pursuing this claim.

34.    A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

35.    The interest of putative Class members in individually controlling and maintaining the prosecution of separate claims against Defendants is small given the fact that putative Class members are unlikely to be aware of their legal rights and the amount of statutory or actual damages in an individual action is relatively small.

36.    The management of this Class action is likely to present significantly fewer difficulties than those presented in many larger, and more complex, class actions.

37.    As a proximate and/or foreseeable result of Defendants' wrongful conduct, each member of the putative classes has suffered actual and/or statutory damages.

**COUNT I**
**VIOLATIONS OF WVCCPA**
*Claim Brought Individually and on Behalf of the West Virginia Class*

38.    Plaintiff incorporates all preceding paragraphs by reference.

39.    The subject loan is a "consumer loan" as that term is defined under Article 1 and used in Articles 2 and 3 of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), and Plaintiff is entitled to the remedies set forth in Article 5 of the WVCCPA. See W. Va. Code. § 46A-1-102(15).

40. Plaintiff is a "person" and "consumer" who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act ("WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA. *See* W. Va. Code. § 46A-1-102(31); 46A-2-122(a).

41. Plaintiff's debt is a "claim" as defined in the WVCCPA because it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the property which is the subject of the transaction is primarily for personal, family or household purpose. *See* W.Va. Code § 46A-2-122(b).

42. Defendants are "debt collectors" as defined by W.Va. Code § 46A-2-122(d) engaging directly or indirectly in "debt collection" as defined by W.Va. Code § 46A-2-122(c).

43. By charging late fees in excess of those allowed in Plaintiff's and putative class members' contracts, Defendants have engaged in repeated violations of the WVCCPA, including but not limited to:

   a. Collecting or attempting to collect fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation, in violation of W.Va. Code § 46A-2-128(d);

   b. Falsely representing or implying the character, extent, or amount of a claim against a consumer in violation of W.Va. Code § 46A-2-127(d);

   c. Threatening to take any action prohibited by Chapter 46A of the West Virginia Code or other law regulating the debt collector's conduct in violation of W.Va. Code § 46A-2-124(f); and

   d. By collecting amounts beyond what is permitted by § 46A-3-112 & 113.

44. By refusing to accept Plaintiff's payments made in accordance with the terms of his contract with Defendants, Defendants have engaged in repeated violations of Article 2 of the WVCCPA, including but not limited to:

   a. Refusing to credit upon receipt all payments made in accordance with the terms of the contract in violation of W.Va. Code § 46A-2-115(c) and § 46A-3-111;

   b. Using fraudulent, deceptive or misleading representations or means to collect or attempt to collect claims in violation of W.Va. Code § 46A-2-127; and

   c. Using unfair or unconscionable means to collect or attempt to collect any claim in violation of W.Va. Code § 46A-2-128.

45. By refusing to provide information requested by the Plaintiff, the Defendants violated W.Va. Code § 46A-2-114(2) and § 46A-2-124(f).

46. As a result of the Defendants' actions, Plaintiff and each member of the putative classes has suffered actual and/or statutory damages.

## COUNT II
## VIOLATIONS OF FDCPA
*Claim Brought Individually and on Behalf of the National Class*

47. Plaintiff incorporates all preceding paragraphs by reference.

48. Defendants acquired interest in the loans of Plaintiff and the putative Class members when it alleges (directly and indirectly) and believed the loans were in default, so Defendants are "debt collectors" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). *See* 15 U.S.C. § 1692a(6).

49. Defendants are prohibited from using a method of collection that violates the FDCPA.

50. The FDCPA specifically prohibits using "unfair or unconscionable means to collect or attempt to collect any debt . . . [including] [t]he collection of any amount (including **any fee, charge, or expense incidental to the principal obligation**) unless such amount is **expressly authorized** by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f (emphasis added).

51. The FDCPA also prohibits debt collectors' use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

52. By charging late fees in excess of those allowed in Plaintiff's and putative class members' contracts, Defendants have repeatedly violated the FDCPA.

53. Plaintiff and the putative Class members have suffered actual economic and non-economic damages as a result of the Defendants' illegal debt collection practices and direct and indirect actions described herein.

54. Plaintiff and the Class suffered out of pocket losses and were harmed by these violations and breaches.

## RELIEF SOUGHT

Plaintiff requests that the Court, on behalf of the Plaintiff and on behalf of all Class members:

1. Certify this case as a class action under Rule 23 of the West Virginia Rules of Civil Procedure;

2. Designate Plaintiff as representative for the class and his undersigned counsel as counsel for the class;

3. Award statutory damages and penalties to Plaintiff and all class members for each violation of any provision of applicable consumer protection laws;

4. Award the actual or compensatory damages incurred by Plaintiff and all class members;

5. Award prejudgment and post-judgment interest at the proper rate allowed by law;

6. Award reasonable attorneys' fees and costs;

7. Award appropriate and necessary equitable relief for Plaintiff and Class members;

8. Enter judgment against Defendants and in favor of Plaintiff and the Class on all claims and declare Defendants' conduct illegal; and

9. Award all other relief the Court deems just and equitable.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: November 13, 2023

By:   */s/ Jason E. Causey*
Jason E. Causey, Esq. (WV Bar No. 9482)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
(304) 242-8410
jcausey@bordaslaw.com

Jonathan R. Marshall, Esq. (WV Bar No. 10580)
Denali Hedrick, Esq. (WV Bar No. 14066)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
JMarshall@baileyglasser.com
DHedrick@baileyglasser.com

*Counsel for Plaintiff and Proposed Class Members*